In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Rehabilitate the NEW YORK TITLE AND MORTGAGE COMPANY.

Supreme Court, New York County, March 5, 1935.

*Harry Rodwin* [*Adolph Kaufman* of counsel], for the Superintendent of Insurance.

*Broadwin & Manheimer* [*Albert Manheimer* of counsel], for the promulgating certificate holders.

*Lazarus Goldstone*, for the owner, Broad-Park Holding Company, Inc.

FRANKENTHALER, J. This is a Schackno proceeding for the reorganization of series W–4 of guaranteed mortgage certificates issued by the New York Title and Mortgage Company, and representing participating interests in a single mortgage on an apartment house at 14 South Broadway, White Plains, N. Y. The proposed plan, in addition to providing for the selection of a trustee by the certificate holders, also calls for an extension of the mortgage and the modification of other terms thereof.

The circumstances here call for the adoption of the same plan of trustee management as the court recently approved in connection with series BX-19 (154 Misc. 447), and the proposed plan will accordingly be modified so as to make it identical with the plan adopted for series BX-19. Subdivisions (d) and (e) of article VIII of the declaration of trust will be eliminated therefrom. In view of the fact that the principal amount of the mortgage is much smaller than that of the mortgage involved in series BX-19, the *maximum* annual compensation of the trustee will be fixed at one-half of one per cent of the principal amount of the mortgage. A provision is to be inserted in the declaration of trust to the effect that the trustee may not sell the mortgage or the mortgaged property, or exchange either of them, for less than the unpaid principal amount due to the certificate holders, except with the approval of the court after notice to all certificate holders, given in such manner as the court may direct.

The suggested modification and extension agreement will be approved, except that the period of the extension will be shortened so that the mortgage will become due in March, 1938, instead of in March, 1939. In addition, the amendments to subdivisions (d) and (h) of paragraph VI of the plan, proposed by counsel for the promulgating certificate holders, will be adopted, as well as the minor changes suggested in connection with the last full paragraph of page 11 of the plan.

Attention should be called to the fact that although no part of the 1934 taxes has been paid, and although there are still arrears of taxes for 1933, the rehabilitator has retained a reserve of $4,454.13 for the purpose of recouping advances for interest made by the title company prior to March 15, 1933. Counsel for the rehabilitator, as well as the Assistant Deputy Superintendent of Insurance assigned to the rehabilitator, both conceded that there was no justification whatsoever for the retention of this fund. It is almost three-quarters of a year since our highest court affirmed my holding that there could be no recoupment under the circumstances here presented. Nevertheless, the $4,454.13 has been withheld as a recoupment reserve, instead of being applied to the payment of taxes, or to the payment of interest to certificate holders.

Settle order and plan on three days' notice.